UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SIMONE M. DICKSON,

                            Plaintiff,

     v.
                                          No. 1:22-CV-499
SCHENECTADY FAMILY COURT and       (DNH/CFH)
JILL S. POLK,

                            Defendants.
_____

**APPEARANCES:**

Simone M. Dickson
P.O. Box 177
South Hampton, New York 11946
Plaintiff pro se

## REPORT-RECOMMENDATION AND ORDER

### I. In Forma Pauperis

Plaintiff pro se Simone M. Dickson ("plaintiff") purported to commence this action on April 5, 2022, by filing a complaint in the Southern District of New York. See Dkt. No. 2 ("Compl."). In lieu of paying the court's filing fee, she submitted a motion to proceed in forma pauperis ("IFP"). See Dkt. No. 1. The Southern District of New York transferred the case to this Court on May 13, 2022. See Dkt. Nos. 3, 4. The undersigned has reviewed plaintiff's IFP motion and determines that she financially qualifies to proceed IFP for the purpose of filing.[1]

---

[1] Plaintiff is advised that although she has been granted IFP status, she is still required to pay any fees and costs she may incur in this action.

## II. Initial Review

## A. Legal Standard

Section 1915[2] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his [or her] submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (citation and internal quotation marks omitted). This does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds on which these claims are based. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Pro se litigants are "not exempt . . . from compliance with relevant rules of procedural and substantive law[.]" Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).

---

[2] The language of 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought . . . ." FED. R. CIV. P. 8(a)(1), (3). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d)(1).

Further, Rule 10 provides in pertinent part that:

> [a] party must state its claims or defenses in numbered
> paragraphs, each limited as far as practicable to a single set
> of circumstances. A later pleading may refer by number to a
> paragraph in an earlier pleading. If doing so would promote
> clarity, each claim founded on a separate transaction or
> occurrence – and each defense other than a denial – must
> be stated in a separate count or defense.

3

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]"  Flores, 189 F.R.D. at 55 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too [] heavy [a] burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims."  Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  The Second Circuit has held that "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint."  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Id. (citation omitted).  If dismissal is warranted and the plaintiff is pro se, the court generally affords the plaintiff leave to amend the complaint.  See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).

### B. Plaintiff's Complaint

Plaintiff's complaint is essentially one paragraph wherein she states that Schenectady County Family Court Judge Jill S. Polk "m[a]nipulated my situation as well as shown misconduct through animosity with my court proceedings because of personal afflictions and personal financial endeavors."  Compl. at 5.  Plaintiff states that the dates of occurrence were "2016-2022 present[.]"  Id.  Plaintiff purports to bring this claim under federal question jurisdiction for a violation of "due process"; she claims injuries in

4

the form of "intentional tort, punitive damages, psychological damages to [her] children, and slander"; and she seeks "8.5 Billion" dollars.  Id. at 2, 6.

### C.  Failure to State a Claim Under Federal Rules of Civil Procedure 8 and 10

Plaintiff's complaint fails to meet the pleading requirements of Rules 8 and 10.  See FED. R. CIV. P. 8, 10.  Plaintiff's complaint does not present a short and plain statement of the claim showing that she is entitled to relief.  See FED. R. CIV. P. 8(a)(2).  She also does not present her claims in numbered paragraphs, limited to one "circumstance" per paragraph.  FED. R. CIV. P. 10.  Rather, her complaint consists of a single paragraph which does not provide any context for Judge Polk's alleged misconduct in handling plaintiff's "court proceedings" with "personal afflictions and personal financial endeavors."  Compl. at 5.  For example, plaintiff does not provide specific dates or information about the purpose of the court proceedings.  See id.  Plaintiff's single paragraph is woefully deficient and "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims."  Gonzales, 167 F.R.D. at 355; see also Laspisa v. Citifinancial Does 1 to 20, 269 F. Supp. 3d 11, 13 (N.D.N.Y. 2017) ("A complaint that fails to comply with these Rules presents too heavy a burden for the defendant in shaping a comprehensive defense, provides no meaningful basis for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed by the court."), report and recommendation adopted, 2017 WL 3769570 (N.D.N.Y. Aug. 29, 2017).[3]  As such, it is recommended that the complaint be dismissed.

---

[3] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

## D. Domestic Relations Exception

"It is well-settled that federal courts generally do not have jurisdiction over domestic relations matters, which include divorce, child custody, child support, and alimony." Walker v. Fam. Ct. Judge Catherine Cholakis, No. 1:19-CV-1288 (LEK/CFH), 2020 WL 3503158, at *4 (N.D.N.Y. June 29, 2020) (citing Marshall v. Marshall, 547 U.S. 293, 294-95 (2006)). "This policy exception exists because the states have developed competence and expertise in adjudicating marital and custody disputes, a skill that the federal courts traditionally lack." Id. "Claims that: (1) attempt to 'rewrit[e] a domestic dispute as a tort claim for monetary damages[]'; or (2) allege constitutional violations but whose injuries 'stem directly from the disputed family court decision,' will be barred under the domestic relations exception." Id. (quoting Schottel v. Kutyba, No. 06-1577-CV, 2009 WL 230106, at *6 (2d Cir. Feb. 2, 2009) (summary order); Amato v. McGinty, No. 17-CV-593 (MAD/ATB), 2017 WL 4083575, at *5 (N.D.N.Y. Sep. 15, 2017)).

Plaintiff has not provided any specific information in her complaint about the actions that Judge Polk allegedly took that violated plaintiff's due process rights. See generally Compl. She states that some of her alleged injuries include "psychological damages to [her] children[.]" Id. at 6. To the extent plaintiff's complaint alludes to this Court's review of Judge Polk's Family Court orders concerning plaintiff's children, such a claim for money damages is barred under the domestic relations exception. See Walker, 2020 WL 3503158, at *5 (citing Amato, 2017 WL 4083575, at *5) ("[A]lthough [the] plaintiffs alleged that the 'order and processes' of the family court were unconstitutional, the domestic relations exception applied because plaintiff's injuries 'stem[med] directly' from the disputed family court custody decision."). To the extent

6

plaintiff briefly mentions "intentional tort" "[t]his Court recently clarified that state courts are better suited to adjudicate tort claims that 'begin and end in a domestic dispute.'" Id. (quoting Dodd v. O'Sullivan, 19-CV-560, 2019 WL 2191749, at *4 (N.D.N.Y. May 21, 2019), report and recommendation adopted, 2020 WL 204253 (N.D.N.Y. Jan. 14, 2020). Thus, it appears that this Court may lack subject matter jurisdiction over plaintiff's complaint.  However, plaintiff has not provided sufficient information for the undersigned to confidently conclude whether the Court has subject matter jurisdiction over any purported constitutional claim pursuant to 42 U.S.C. § 1983.  As such, the undersigned does not recommend dismissing on subject matter jurisdiction grounds but based on the defendants' immunity from suit.

### E. Sovereign and Judicial Immunities

The complaint must be dismissed because the Schenectady County Family Court and Judge Polk are immune from suit.  The Second Circuit has ruled that "the New York State Unified Court System is unquestionably an arm of the State, and is entitled to Eleventh Amendment sovereign immunity." Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009).  This Court has explained that "[t]he Schenectady County Family Court is a part of the New York State Unified Court System and is entitled to sovereign immunity." Vazquez v. New York, No. 1:22-CV-196 (GTS/CFH), 2022 WL 2390248, at *5 (N.D.N.Y. June 30, 2022), report and recommendation adopted sub nom. Vazquez Carbuccia v. New York, 2022 WL 3100553 (N.D.N.Y. Aug. 4, 2022) (citation omitted).  Similarly, judges within the New York State Unified Court System are entitled to Eleventh Amendment immunity to the extent they are sued in their official capacity. See Aron v. Becker, 48 F. Supp. 3d 347, 366 (N.D.N.Y. 2014) (dismissing

7

claim against a Delaware County judge on sovereign immunity grounds).  As the Schenectady County Family Court and Judge Polk are arms of the State, they are entitled to Eleventh Amendment immunity, and it is recommended that the complaint against them be dismissed with prejudice.

The complaint against Judge Polk is also subject to dismissal on judicial immunity grounds.  It is well settled that judges have absolutely immunity for their judicial acts performed in their judicial capacities.  See Mireles v. Waco, 502 U.S. 9, 11 (1991); Forrester v. White, 484 U.S. 219, 225 (1988); Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009).  "Judicial immunity applies even when the judge is accused of acting maliciously or corruptly." Coon v. Merola, No. 1:19-CV-394 (DNH/ATB), 2019 WL 1981416, at *3 (N.D.N.Y. Apr. 8, 2019) (citing Imbler v. Pachtman, 424 U.S. 409, 419 n.12 (1976)), report and recommendation adopted, 2019 WL 1978595 (N.D.N.Y. May 3, 2019).  "The only two circumstances in which judicial immunity does not apply is when he or she takes action 'outside' his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken 'in absence of jurisdiction.'" Id. (quoting Mireles, 502 U.S. at 11-12.  Judicial immunity "shields judges from suit to the extent they are sued in their individual capacities[.]" Washington v. Ciccone, No. 3:21-CV-0564 (MAD/ML), 2021 WL 2935950, at *4 (N.D.N.Y. July 13, 2021), report and recommendation adopted, 2021 WL 4859663 (N.D.N.Y. Oct. 19, 2021).  "[T]he Eleventh Amendment shields judges from suit to the extent that they are sued in their official capacities." Id.

Plaintiff has not alleged any facts to suggest that Judge Polk was acting outside of her judicial capacity or in the absence of jurisdiction.  See generally Compl.  Judge

8

Polk is entitled to absolute judicial immunity from plaintiff's complaint seeking monetary damages. The undersigned, therefore, recommends dismissing the complaint with prejudice because it does not appear from the complaint that sovereign or judicial immunity can be overcome. See Edwardsen v. Aloi, No. 5:17-CV-00202 (LEK/TWD), 2017 WL 1283496, at *3 (N.D.N.Y. Mar. 3, 2017) (recommending dismissal with prejudice on judicial immunity grounds), report and recommendation adopted, 2017 WL 1283763 (N.D.N.Y. Apr. 5, 2017).

### F. Statute of Limitations

It is also possible that plaintiff's complaint is barred by the statute of limitations. "Section 1983 actions in New York are subject to a three-year statute of limitations, running from the time a plaintiff knows or has reason to know of the injury giving rise to the claim." Milan v. Wertheimer, 808 F.3d 961, 963 (2d Cir. 2015) (internal quotations and citations omitted). To the extent plaintiff states that Judge Polk's conduct began in 2016, plaintiff would have three years from the time she knew or had reason to know of the injury to file her complaint, which would be sometime in 2019. Plaintiff did not bring this action until April 2022. See Compl. As such her claims stemming from Jude Polk's actions in 2016 are likely time-barred.

"The continuing violation doctrine, where applicable, provides an 'exception to the normal knew-or-should-have-known accrual date.'" Gonzalez v. Hasty, 802 F.3d 212, 220 (2d Cir. 2015) (quoting Harris v. City of New York, 186 F.3d 243, 248 (2d Cir. 1999)). "It applies to claims 'composed of a series of separate acts that collectively constitute one unlawful [ ] practice.'" Id. (quoting Washington v. Cnty. of Rockland, 373 F.3d 310, 318 (2d Cir. 2004) (brackets in original) (further internal quotation omitted)).

9

"The continuing violation doctrine thus applies not to discrete unlawful acts, even where those discrete acts are part of a 'serial violation[ ],' but to claims that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment." Id. (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 111 (2002)).  Plaintiff has not alleged sufficient information for the undersigned to determine whether the continuing violations doctrine would apply.  See generally Compl.  Nevertheless, dismissal is warranted under Rules 8 and 10 of the Federal Rules of Civil Procedure and judicial and Eleventh Amendment immunity.

### III.  Opportunity to Amend

Generally, a court should not dismiss a complaint without granting leave to amend "at least once" "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991). "[A]n opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile." Trombley v. O'Neill, 929 F. Supp. 2d 81, 106 (N.D.N.Y. 2013).

Often, when a complaint is dismissed for failure to sufficiently plead a claim pursuant to Rules 8 and 10, it is dismissed without prejudice and the plaintiff is afforded an opportunity to amend his or her complaint.  See, e.g., Tasciotti v. Haffmans, No. 1:22-CV-00238 (DNH/TWD), 2022 WL 958094, at *3 (N.D.N.Y. Mar. 30, 2022) ("[C]onsidering their pro se status, the Court further recommends [the p]laintiffs be given an opportunity to amend the complaint to comply with the basic pleading requirements

set forth above."), report and recommendation adopted, 2022 WL 1203073 (N.D.N.Y. Apr. 22, 2022). Similarly, dismissals for lack of subject matter jurisdiction are dismissed without prejudice. See Katz v. Donna Karan Co., L.L.C., 872 F.3d 114, 116 (2d Cir. 2017) ("[A] complaint must be dismissed without prejudice where the dismissal is due to the court's lack of subject matter jurisdiction[.]"). It is not clear whether the Court has subject matter jurisdiction over plaintiff's purported due process claim because of the lack of context in her complaint; however, because the Schenectady County Family Court and Judge Polk are immune from suit, the undersigned recommends dismissing the complaint with prejudice and without leave to amend. See Johnson v. Bieling, No. 5:20-CV-1124 (GTS/ML), 2021 WL 1841470, at *12 (N.D.N.Y. Jan. 6, 2021) (collecting cases dismissing with prejudice and without leave to amend on judicial immunity grounds), report and recommendation adopted, 2021 WL 1840591 (N.D.N.Y. May 7, 2021); see also Edwardsen, 2017 WL 1283496, at *3.[4]

## IV. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 1) is **GRANTED** for purposes of filing only; and it is further

---

[4] The undersigned notes that plaintiff has a history of filing pro se complaints in the District of Columbia, Southern District of New York, and Northern District of New York. See Dickson v. Mitta et al., 1:22-CV-437 (DNH/CFH), Dkt. No. 4 at 21, n.9 (collecting cases) (recommending dismissal of plaintiff's complaint for failure to establish subject matter jurisdiction or state a claim for relief, and on statute of limitation and immunity grounds).

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 2) be **DIMISSED WITH PREJUDICE and WITHOUT LEAVE TO AMEND**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[5]

Dated: October 27, 2022
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[5] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).