UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SIMONE M. DICKSON,

        Plaintiff,

    -v-                     1:22-CV-499

SCHENECTADY FAMILY
COURT and JILL S. POLK,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

SIMONE M. DICKSON
Plaintiff, Pro Se
P.O. Box 177
South Hampton, NY 11946

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On April 5, 2022, *pro se* plaintiff Simone M. Dickson ("plaintiff") filed this civil rights action in the U.S. District Court for the Southern District of New York alleging defendants violated "m[a]nipulated [her] situation as well as shown misconduct through animosity with [her] court proceedings because of personal afflictions and personal financial endeavors." Dkt. No. 2. Along

with her complaint, plaintiff sought leave to proceed *in forma pauperis* ("IFP Application").  Dkt. No. 1.

On May 6, 2022, Chief U.S. District Judge Laura Taylor Swain ordered plaintiff's complaint transferred to the Northern District of New York.  Dkt. No. 3.  As Chief Judge Swain explained, plaintiff resides in the Northern District of New York and all of the events giving rise to her claims took place there.  *Id*.  Accordingly, the Clerk of Court for the Southern District of New York transferred the matter to this judicial district.  Dkt. No. 4.

On October 27, 2022, U.S. Magistrate Judge Christian F. Hummel granted plaintiff's IFP Application for the limited purpose of filing and advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed with prejudice and without leave to amend.  Dkt. No. 6.

As Judge Hummel explained, even broadly construed the complaint was "woefully deficient" and totally devoid of "specific dates or information about the purpose of the court proceedings" she sought to challenge.  Dkt. No. 6.

Even assuming otherwise, Judge Hummel observed that any cognizable claims based on plaintiff's factual allegations—which involve a state family court dispute—would be barred, either by the domestic relations exception or by sovereign and judicial immunity.  Dkt. No. 6.  In the alternative, Judge Hummel noted that plaintiff's claims would also be barred by the statute of limitations applicable to civil rights actions in federal court.  *Id*.

Plaintiff has not filed objections, and the time period in which to do so has expired. *See* Dkt. No. 6. Upon review for clear error, the R&R will be accepted and adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED; and

2. Plaintiff's complaint is DISMISSED with prejudice and without leave to amend.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated: November 16, 2022
       Utica, New York.

David N. Hurd
U.S. District Judge